CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 1 1 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| LAWRENCE V. WILDER,<br><br>*Plaintiff,*<br><br>v.<br><br>ROCKBRIDGE COUNTY CIRCUIT COURT JUDGE MICHAEL IRVINE, ET AL.,<br><br>*Defendants.* | CIVIL NO. 6:08cv00020<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Application to Proceed Without Prepayment of Fees filed July 8, 2008. I granted Plaintiff's Application to Proceed Without Prepayment of Fees pursuant to 28 U.S.C. § 1915, but, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii), I am required to review Plaintiff's Complaint to ensure that it states a valid claim and that it does not seek monetary relief against a defendant who is immune from such relief. Because Judge Irvine is immune from suit, and because Plaintiff has not stated a claim against the remaining defendants, I must dismiss Plaintiff's suit.

## I. BACKGROUND

This matter arises from a traffic stop in Rockbridge County, Virginia. Plaintiff received a traffic citation in Rockbridge County, was apparently convicted of the offense in General District Court, and appealed to the Circuit Court. The Circuit Court scheduled a hearing for the appeal on February 8, 2008. Plaintiff was not able to attend the February 8 hearing, due to his incarceration in Maryland on a different charge, and received a continuance to May 7, 2008. Plaintiff missed the May 7 hearing and was convicted of the charged offense *in absentia*.

Plaintiff alleges he failed to make his court date because was satisfying an arrest warrant

in Elizabeth, New Jersey. He informed the Rockbridge County Circuit Court of his reason for missing his court date and asked the court to withdraw the conviction. Judge Michael Irvine of the Rockbridge County Circuit Court denied Plaintiff's motion and allowed the conviction to stand. Plaintiff alleges that Judge Irvine, the State Trooper who issued the citation, and the Superintendent of the State Police collectively violated his civil and constitutional rights and engaged in racial profiling.

## II. STANDARD OF REVIEW

The standard under § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted is the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (internal citations omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted).

Although the complaint of a *pro se* plaintiff is held to a less stringent standard than one prepared by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court will not abrogate basic pleading essentials in a *pro se* suit, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The

less stringent standard for a *pro se* plaintiff does not require a court to manufacture facts not plead to support conclusory allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Therefore, while Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face;" plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Bell Atl. Corp.*, 127 S.Ct. at 1974.

### III. DISCUSSION

Plaintiff claims that "defendants are responsible for enabling racial profile traffic stops and violating plaintiff's civil and constitutional rights" in violation of 42 U.S.C. § 1983. (Pl.'s Compl.) He seeks compensatory and punitive damages in excess of one hundred million dollars from Rockbridge County Circuit Court Judge Michael Irvine, Virginia State Police Superintendent Colonel W. Steven Flaherty, and Virginia State Trooper Warrenton.

*A. Judge Irvine is Immune from Suit*

Plaintiff's suit against Judge Irvine must be dismissed on the basis of sovereign immunity and judicial immunity. Plaintiff does not specify whether his suit is against Judge Irvine in an official or personal capacity, but in either circumstance Plaintiff's suit must be dismissed.

A suit against a state official in his or her official capacity is considered not to be a suit against the official, but rather a suit against the official's office, and, as such, is no different than a suit against the State itself. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Pursuant to the Eleventh Amendment to the Constitution, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Sovereign immunity under the Eleventh Amendment extends to any entity considered to be "an arm of the State." *Mt. Healthy City*

*School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). The Constitution of the Commonwealth of Virginia provides that the judicial power is vested in the Supreme Court and in such other courts that the General Assembly establishes. VA. CONST. art. VI, § 1. The General Assembly of Virginia has provided by statute that each county shall have a circuit court, which serves as the sole court of record. VA. CODE § 17.1-500 (establishing circuit court).

Therefore, to the extent Plaintiff's suit is directed against Judge Irvine in his official capacity, it must be construed as a suit against the Commonwealth of Virginia. As there is no indication that the Commonwealth of Virginia has waived its immunity or that Congress has abrogated its immunity in this circumstance, Plaintiff's suit is barred by sovereign immunity.

Similarly, Judge Irvine is protected by judicial immunity to the extent Plaintiff is suing him in a personal capacity. The law is well-settled that judicial officers, in exercising the authority vested in them, are immune from liability for damages, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The doctrine of judicial immunity provides an absolute bar from suit for judicial actions, unless the judge acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Plaintiff has alleged no facts whatsoever that Judge Irvine acted outside his judicial capacity or in the absence of jurisdiction. As a result, Plaintiff's suit against Judge Irvine is barred by the doctrine of judicial immunity.

### B. Plaintiff has failed to State a Claim Against the Remaining Defendants

Plaintiff claims he was the victim of racial profiling, but provides no factual support for his claim beyond the fact that he received a traffic citation and that he is an African-American. What allegations the Complaint does contain are conclusory in nature. Plaintiff simply alleges

that "defendants are responsible for enabling racial profile traffic stops and violating plaintiff's civil an constitutional rights." (Pl.'s Compl.) Plaintiff does not identify which rights were violated, by whom, or when the violations are alleged to have occurred. Furthermore, there is no information about when the traffic stop occurred, what the nature of the stop was, or what circumstances indicated to Plaintiff that he had been the victim of racial profiling. Finally, the Complaint does not contain a single factual allegation relating to Colonel Flaherty, and provides no justification for his inclusion in the lawsuit.

Although the complaint of a *pro se* plaintiff is held to a less stringent standard,[1] Plaintiff has failed to plead sufficient fact to show that he is entitled to relief, therefore, the claims against the remaining defendants must be dismissed.[2]

## IV. Conclusion

The claims against Judge Irvine are barred by sovereign immunity and judicial immunity. Plaintiff's remaining allegations fails to state a claim upon which relief can be granted. Therefore, Plaintiff's suit is hereby DISMISSED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all parties.

---

[1] *See supra* at 2–3.

[2] Even assuming Plaintiff had pled sufficient facts to state a claim, the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), would require me to dismiss part or all of Plaintiff's Complaint. The Court in *Heck* held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–487. Therefore, "whenever a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

It is not clear from Plaintiff's Complaint whether he claims his conviction was illegal because it resulted from racial profiling or whether he is simply challenging the practice of racial profiling without alleging the illegality of his conviction. But, to the extent that plaintiff intends to challenge the validity of his conviction for the traffic

ENTERED: This 11th day of July, 2008.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

offense, this Court lacks jurisdiction to hear his claim, because there is no evidence that Plaintiff's conviction has been expunged or declared invalid by a state tribunal authorized to make such a determination.