CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

NOV 0 3 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LAWRENCE V. WILDER,<br><br>                  *Plaintiff,*<br><br>v.<br><br>ROCKBRIDGE COUNTY CIRCUIT COURT JUDGE<br>MICHAEL IRVINE, ET AL.,<br><br>                  *Defendants.* | CIVIL NO. 6:08-cv-00020<br><br>MEMORANDUM OPINION AND ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court in this closed civil matter on Plaintiff's "Rule 60 Motion[;] Request for Appoint [sic] Counsel," (docket no. 11), which (1) moves the Court to reopen his civil suit pursuant to Federal Rule of Civil Procedure 60, and (2) moves the Court for appointed counsel. For the following reasons, Plaintiff's Motion is hereby DENIED in full.

I. BACKGROUND

This matter originally arose from a traffic stop in Rockbridge County, Virginia. Plaintiff received a traffic citation in Rockbridge County, was apparently convicted of the offense in General District Court, and appealed to the Circuit Court. Plaintiff was not able to attend the February 8, 2008 hearing date for his appeal in Circuit Court, due to his incarceration in Maryland on a different charge. He received a continuance to May 7, 2008, but when Plaintiff missed that date, he was convicted of the charged offense *in absentia*. Plaintiff informed the Rockbridge County Circuit Court that he missed the second date because he was satisfying an arrest warrant in Elizabeth, New Jersey, and asked the court to withdraw the conviction. Judge Michael Irvine of that court denied Plaintiff's motion and allowed the conviction to stand.

Plaintiff subsequently filed this 42 U.S.C. § 1983 action *pro se* against Rockbridge County Circuit Court Judge Michael Irvine, the Superintendent of the State Police, and the State Trooper that issued the citation, alleging that the Defendants had collectively violated his civil and constitutional rights. He sought in excess of one hundred million dollars in compensatory and punitive damages for these alleged violations. On July 11, 2008, I issued a Memorandum Opinion and Order dismissing the Plaintiff's Complaint because Judge Irvine is immune from suit and because Plaintiff had failed to state a claim as to the remaining Defendants (docket no. 4). Thereafter, Plaintiff filed a Notice of Appeal on August 4, 2008 (docket no. 5), which was dismissed by the Fourth Circuit for failure to prosecute (docket no. 8). Now Plaintiff requests that the Court reopen his case pursuant to Federal Rule of Civil Procedure 60, and appoint counsel to represent him in this civil action.

## II. MOTION TO REOPEN UNDER RULE 60

Plaintiff requests that the Court reopen this 42 U.S.C. § 1983 action, pursuant to Federal Rule of Civil Procedure 60, due to "a premature filing, fraud, new evidence, trickery by defendants, retaliation by defendants, [and] continued violations by defendants. The court caused the plaintiff to experience mental and physical injury for failing to protect the rights of the plaintiff. The defendants have caused the plaintiff injury in different states." Furthermore, Plaintiff alleges in the instant motion that he was targeted by Virginia State Police, as evidenced by the fact that the State Trooper who issued the citation mentioned the name of Maryland Congressman Elijah Cummings. Plaintiff states that he had previously filed a complaint with Congressman Cummings in 2002 regarding racial profiling, and alleges the traffic stop that was the basis of this action "was in retaliation for the Congressional complaint and the No Fear Act." Finally, Plaintiff has alleged that "[l]aw enforcement has retaliated and assaulted me in every State that [sic] traveled. They also illegally enter and assault me in my hotel rooms while I sleep and where I live."

As Plaintiff brings these claims *pro se*, the Court will construe the claims set forth in his motion liberally to allow for potentially meritorious claims to go forward. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173 (1980) (per curiam). However, while *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Hughes*, 449 U.S. at 5, liberal construction does not mean that this Court can ignore "a clear failure in the pleading to allege facts supporting a claim cognizable in a federal district court." *Rice v. Nat'l Sec. Council*, 244 F.Supp.2d 594, 596 (D.S.C. 2001) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)).

Rule 60 of the Federal Rules of Civil Procedure establishes grounds upon which the Court may provide relief to a party from a final judgment or order. Pursuant to Rule 60(b), the Court may provide such relief on grounds of "mistake, inadvertence, surprise, or excusable neglect," on grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or on the grounds of "fraud ... , misrepresentation, or misconduct by an opposing party." A motion seeking relief under Rule 60 based upon any of the above reasons "*must be made* within a reasonable time – and ... *no more than a year* after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(2) (emphasis added). Further, the Court recognizes that the moving party must satisfy a four-part threshold test in order to obtain relief under Rule 60(b), and that one prerequisite is that the movant demonstrate "timeliness."[1]

In this case, the Court filed a Memorandum Opinion and Order dismissing the Plaintiff's Complaint on July 11, 2008 (docket no. 4). On August 4, 2008, Plaintiff appealed that decision, (docket no. 5),[2] and on October 16, 2008, the Fourth Circuit dismissed his appeal. On September 23,

---

[1] A party seeking relief under Rule 60(b) must establish the following at the outset: (1) timeliness; (2) a lack of unfair prejudice to the opposing party; (3) a meritorious defense; and (4) exceptional circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

[2] The Court notes that the Notice of Appeal was signed on July 30, 2008, and filed on August 4, 2008.

2009, Plaintiff finally filed his Motion for relief under Rule 60 (docket no. 11). As the instant Motion was filed more than a year from the date upon which this Court entered its Memorandum Opinion and Order dismissing the Plaintiff's Complaint, it is not timely filed under Rule 60(b). That the Plaintiff had filed a notice of appeal in the interim is immaterial for the purposes of the one-year time limitation. *See Quality Tech. Co. v. Stone & Webster Eng'g Co., Inc.*, 7 F.3d 234 (6th Cir. 1993) (unpublished per curiam opinion) ("Even though the case was pending on appeal, the one-year time period for filing a motion under Rule 60(b) is not extended.") (citing *Goland v. CIA*, 607 F.2d 339, 372 (D.C. Cir. 1978) ("The one-year period [for filing a Rule 60(b) motion] is not tolled by a pending appeal, and under the federal rules no court has power to extend the deadline.") *cert. denied*, 445 U.S. 927 (1980)).

Separately, the Court finds that the instant Motion has not been made within a "reasonable time," as required by Rule 60(c)(1). That the Plaintiff has made no showing to explain why the Motion was filed so long after this Court's Memorandum Opinion and Order dismissing the case, coupled with the length of delay, makes the instant Motion untimely filed. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) (citing cases where Rule 60(b) motion was found to be untimely "when it is made three to four months after the original judgment and no valid reason is given for the delay").

Finally, on the merits of Plaintiff's Motion for relief under Rule 60(b), and having considered the arguments set forth therein, Plaintiff has not made a sufficient showing to satisfy any of potential grounds for relief under Rule 60(b). The grounds supporting a motion for relief under Rule 60(b) "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992). The grounds set forth that allegedly support the instant Motion merely reiterate the grounds for relief under the language of Rule 60. Plaintiff does not provide any supporting any detail as to, for example, what "new evidence" was found, or what "fraud" was committed by the Defendants.

4

Plaintiff alleges that the law enforcement officer that conducted the underlying traffic stop at issue did so in retaliation for Plaintiff's prior complaint to Congress concerning racial profiling. However, this would not constitute "newly discovered evidence" under Rule 60(b)(2), because Plaintiff would have known of this alleged conversation before he filed suit. Lastly, Plaintiff's remaining allegations of retaliation appear to be generally directed at "law enforcement" in its entirety, and are not reasonably related by the Plaintiff to any particular Defendant in this case.

Therefore, the Plaintiff's Motion for the Court to reopen his case under Rule 60 of the Federal Rules of Civil Procedure shall be, and hereby is, DENIED.

### III. MOTION TO APPOINT COUNSEL

It is "a privilege and not a right" for the Court to appoint counsel to represent an indigent party in a civil case. *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968). Furthermore, "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Whether a particular case is found to be "exceptional" or not "will turn on the quality of two basic factors – the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

Having previously held that Plaintiff has not set forth grounds sufficient to reopen his case under Rule 60, the Court consequently finds this case does not fit into that "exceptional" class of cases warranting the appointment of counsel for an indigent party in a civil case. Therefore, the Plaintiff's motion for appointment of counsel shall be, and hereby is, DENIED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion and Order to all parties.

Entered this 3rd day of November, 2009.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE